UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| BRIAN CAVANAUGH, | : | |
|    *Plaintiff* | : | |
| v. | : | Docket No.: |
| | : | |
| JOSH GEBALLE, | : | |
|    *Defendant,* | : | |
|    *in his official capacity as Commissioner* | : | |
|    *of the Department of Administrative Services* | : | |
|    *of the State of Connecticut.* | : | July 15, 2020 |

**COMPLAINT**

1. This is a civil rights action brought pursuant to 42 U.S.C. § 1983 seeking declaratory and injunctive relief as a result of the deprivation of the Plaintiff's rights as secured by 42 U.S.C. §1396p (known as the "Federal Medicaid Anti-Lien Provision"), 42 U.S.C. § 1396a and the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution.

2. Plaintiff, Brian Cavanaugh, born in 1990 is an individual under 55 years of age, is a natural person and a beneficiary named in the Will of his now deceased grandmother, DiBirma Burnham.

3. DiBrima Burnham's Will is subject to a probate court administration proceeding in the Saybrook, Connecticut Probate Court and is subject to the orders of the Saybrook Probate Court Judge Jeannine M. Lewis.

4. Defendant, Josh Geballe, is the Commissioner of the Connecticut Department of Administrative Services ("DAS"), and is an individual capable of being sued.

5. DAS is an agency of the State of Connecticut, established pursuant to Connecticut General Statutes §4a-1 et seq.

6. The Connecticut Probate Court is a statutory court of the State of Connecticut, established pursuant to Connecticut General Statutes Chapter 801.

7. Plaintiff Brian Cavanaugh resides in Middlesex County Connecticut. All of the events giving rise to this civil action occurred in Middlesex County Connecticut.

8. Under 28 U.S.C. §1391, venue is proper in the United States District Court for the District of Connecticut.

9. Jurisdiction is founded upon 28 U.S.C. § 1331.  Plaintiff's case arises under the laws and Constitution of the United States, specifically, 42 U.S.C. 1396p, 42 U.S.C. §1396a, 42 U.S.C. § 1983 and the Equal Protection Clause of the Fourteenth Amendment. This Court has authority to award attorneys' fees pursuant to 42 U.S.C. § 1988.

10. At all times relevant to this civil action, Connecticut's Medicaid program received funding from the United States government.

11. The Connecticut State Plan is the approved joint Federal and State Plan of assistance under Title XIX of the Social Security Act.

12. At all times relevant to this civil action, the Plaintiff was a Medicaid beneficiary and received medical assistance from the State of Connecticut.

13. Josh Geballe, the Connecticut Department of Social Services ("DSS") and the Defendant DAS were required to administer the State Medicaid program in accordance with federal law.

14. The Plaintiff on October 7, 2011, applied for HUSKY D (also sometimes called community Medicaid program afforded by the Affordable Care Act to residents of the State) which is a health insurance program set out in the Connecticut State Plan and on October 1, 2011 became a HUSKY D insured.

15. The Plaintiff during the period of October 3, 2011 through November 16, 2011, was a HUSKY D insured member and was furnished rehabilitation and other services to help to attain or retain capability for independence or self-care as set out in 42 U.S.C. § 1396.

16. The services provided to the Plaintiff from October 3, 2011 through November 16, 2011 were insurance covered services set out in the State Plan.

17. Defendant Josh Geballe on March 29, 2019, pursuant to Connecticut General Statutes ("CGS") §§ 17b-93, 17b-94, 17b-224, 18-85b, 46b-129 46b-130 made a $57,915 statutory claim in the probate court administrative proceeding for past medical services received by the Plaintiff.

18. Defendant Josh Geballe has asserted himself as a creditor with Standing into the Probate estate of the decedent DiBirma Burnham.

19. Defendant Josh Geballe seeks repayment of medical service debt received by the Plaintiff for medical services incurred for the period of October 3, 2011 through November 16, 2011, based on an asserted State statutory lien on the distributive share to the Plaintiff regardless of the ability of the Executor to withhold said distributive share in trust.

20. Defendant Josh Geballe seeks repayment of medical service debt received by the Plaintiff for medical services incurred for the period of October 3, 2011 through November 16, 2011, based on an asserted State statutory lien on the estate of DiBirma Burnham in the amount of the distributive share due the Plaintiff.

21. 42 U.S.C.A. § 1396a(a)(18) provides that a State Plan for medical assistance must comply with the provisions of 42 U.S.C. § 1396p with respect to liens, adjustments and recoveries of medical assistance correctly paid.

22. 42 U.S.C. § 1396p(a)(1) provides that no lien may be imposed against the property of any individual prior to his death on account of medical assistance paid or to be paid on his behalf under a State Plan.

23. 42 U.S.C. § 1396p(b)(1) provides that only in the case of an individual who was 55 years of age or older when the individual received medical assistance, the State shall seek adjustment or recovery.

24. 42 U.S.C. § 1396a(a)(25)(C) provides that that in the case of an individual who is entitled to medical assistance under the State plan with respect to a service for which a third party is liable for payment, the person furnishing the service may not seek to collect from the individual.

25. In violation of 1) 42 U.S.C. § 1396p(a)(1) and/ or 2) 42 U.S.C. § 1396p(b)(1) and/ or 3) 42 U.S.C. § 1396a(a)(25)(c) the Defendant Josh Geballe has sought repayment of $57,915 through its statutory claim pursuant to CGS §§ 17b-93, 17b-94, 17b-224, 18-85b, 46b-129 46b-130.

26. Plaintiff seeks a judgment declaring that Defendant Josh Geballe does not have a State lien on the proceeds arising from the Plaintiff's inheritance or a lien on the estate of Dibirma Burnham.

27. Plaintiff seeks a judgment enjoining Defendant DAS from asserting a State statutory lien on the Plaintiff's inheritance or the estate of Dibrima Burnham and from enforcing CGS Sections §§ 17b-93, 17b-94, 17b-224, 18-85b, 46b-129 46b-130  in a manner that violates 42 U.S.C. §1396, *et seq.* and the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution.

28. Unless the Defendant Josh Geballe is restrained by order of this Court, Defendant Josh Geballe acting through its agents, employees, officers, and servants will collect the claimed debt from either the Plaintiff or the estate of DiBirma Burnham.

29. Unless and until this Court declares the Defendant Josh Geballe's efforts to enforce repayment unconstitutional, Defendant Josh Geballe acting through its agents, employees, officers, and servants, will continue to seek reimbursement.

30. Plaintiff is suffering irreparable injury from the enforcement and threat of enforcement of the CGS §§ 17b-93, 17b-94, 17b-224, 18-85b, 46b-129 46b-130 and will continue to suffer irreparable injury until the treat of enforcement is lifted.

WHEREFORE, plaintiff prays that this Court:

a. Enter judgment against the defendant;

b. Enter a declaratory judgment declaring the acts of the Defendant to be a violation of Plaintiff's federal statutory rights; and his constitutional right to Equal Protection under the Fourteenth Amendment of United States Constitution.

c. Issue a restraining order and permanent injunction enjoining the Defendant his agents, servants, employees, and officers on behalf of the State of Connecticut from collecting the $57, 915 pursuant to CGS §§  17b-93, 17b-94, 17b-224, 18-85b, 46b-129 46b-130.

d. Award Plaintiff costs, interest and reasonable attorneys' fees for this action pursuant to 42 U.S.C. § 1988 and other relevant statues.

>THE PLAINTIFF
>BRIAN CAVANAUGH
>
>BY:  /s/ John D. Watts, Esq.
>His Attorney
>ct08883
>The Watts Law Office
>186 East Main Street
>Clinton, CT 06413
>(860) 669-6677 phone
>jdwatts@johndwattspc.com