# UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| BRIAN CAVANAUGH | ) | 3:20-CV-00981 (KAD) |
| *Plaintiff,* | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| JOSH GEBALLE, Commissioner of the | ) | |
| Department of Administrative Services of | ) | |
| the State of Connecticut, | ) | |
| *Defendant.* | ) | March 1, 2021 |

## MEMORANDUM OF DECISION RE: DEFENDANT'S MOTION TO DISMISS (ECF NO. 14)

Kari A. Dooley, United States District Judge

Plaintiff Brian Cavanaugh brings this action against Defendant Josh Geballe, in his official capacity as the Commissioner of the Department of Administrative Services of the State of Connecticut (hereinafter, the "Commissioner"), pursuant to 42 U.S.C. § 1983 seeking declaratory and injunctive relief for violations of his federal statutory rights under Title XIX of the Social Security Act, 42 U.S.C. § 1396 *et seq.* ("Medicaid"), and his Fourteenth Amendment right to Equal Protection. His claims arise out of the Commissioner's efforts to recoup past medical expenses paid by the State on the Plaintiff's behalf. Principally, Cavanaugh seeks a permanent injunction precluding the Commissioner from pursuing $57,915 in such medical expenses which are reflected in a lien placed by the Commissioner against Cavanaugh's interest in his grandmother's estate. Pending before the Court is the Commissioner's motion to dismiss pursuant to Rules 12(b)(1) and 12(b)(6) for lack of subject matter jurisdiction and failure to state a claim. For the following reasons, the Court GRANTS the Commissioner's motion.

**Background and Procedural History**

The following facts are either undisputed or as alleged in the complaint. On October 1, 2011, Cavanaugh became a member in the HUSKY D health insurance program, which he alleges is a Medicaid program offered by Connecticut to its residents. From October 3, 2011 through November 16, 2011, Cavanaugh received "rehabilitation and other services to help to attain or retain capability for independence or self-care[.]" (ECF No. 1 ¶ 15). According to Cavanaugh, HUSKY D provided coverage for these services. Though not necessary to the resolution of the instant motion, the Commissioner disputes this assertion.

Years later, a probate proceeding commenced in the Connecticut State Probate Court for the District of Saybrook to administer the will of Cavanaugh's deceased grandmother, DiBirma Burnham. Therein, on March 29, 2019, the Commissioner filed a $57,915 state statutory claim against Cavanaugh's share of the estate for repayment of the medical services Cavanaugh received from October 3, 2011 through November 16, 2011. On May 21, 2020, the Probate Court determined that Cavanaugh's share of the estate is subject to the Commissioner's claim and ordered Attorney John Watts (counsel for Cavanaugh in this action), as the attorney for the executor of Burnham's estate, to file a Financial Report/Final Account with the Probate Court within thirty days. (ECF No. 15-1 at 10). Thereafter, on July 15, 2020, Cavanaugh filed this action seeking, among other relief, an injunction permanently enjoining the Commissioner from asserting the lien against Cavanaugh's share of the estate. Specifically, Cavanaugh argues that the lien violates, among other provisions, the Medicaid statute's anti-lien provision, which provides that "[n]o lien may be imposed against the property of any individual prior to his death on account of medical assistance paid . . . on his behalf under the State plan[.]" 42 U.S.C. § 1396p(a)(1).[1]

---

[1] On July 15, 2020, the executor of Burnham's estate also filed a request to stay the probate proceedings due to the filing of this action. (ECF No. 15 at 12–13).

On September 2, 2020, the Commissioner moved to dismiss the complaint pursuant to Rules 12(b)(1) and 12(b)(6) for lack of subject matter jurisdiction and failure to state a claim. After a series of filings, including amended oppositions, Cavanaugh filed his operative opposition on September 22, 2020. (ECF No. 31; *see also* September 24, 2020 Order, ECF No. 35 ("The Court shall consider ECF No. 31 as Plaintiff's Amended Opposition to Defendant's Motion to Dismiss as the operative response.")). On October 1, 2020, the Commissioner filed a reply. Then, on October 6, 2020, Cavanaugh filed "Plaintiff's Response to Defendant's Reply to Opposition" without seeking leave of the Court to file a sur-reply. Accordingly, the Court will not consider Cavanaugh's sur-reply in its decision and analysis below. (*See* ECF No. 40).

## Standard of Review

### Rule 12(b)(1)[2]

Federal district courts are courts of limited jurisdiction under Article III, Section 2 of the United States Constitution. *See*, *e.g.*, *Chicot Cnty. Drainage Dist. v. Baxter State Bank*, 308 U.S. 371, 376 (1940). If subject matter jurisdiction is lacking, the action must be dismissed. *See* FED. R. CIV. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). The Court may dismiss an action for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) when the Court "lacks the statutory or constitutional power to adjudicate it." *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000).

"A plaintiff asserting subject matter jurisdiction has the burden of proving by a preponderance of the evidence that it exists." *Id*. "In resolving a motion to dismiss under Rule 12(b)(1), the [Court] must take all uncontroverted facts in the complaint . . . as true, and draw all reasonable inferences in favor of the party asserting jurisdiction." *Tandon v. Captain's Cove*

---

[2] Because the Court finds that it must abstain from exercising jurisdiction, the Court only provides the standard of review for motions made pursuant to Rule 12(b)(1).

*Marina of Bridgeport, Inc.*, 752 F.3d 239, 243 (2d Cir. 2014). However, the Court "need not credit a complaint's conclusory statements without reference to its factual context." *Amidax Trading Grp. v. S.W.I.F.T. SCRL*, 671 F.3d 140, 146 (2d Cir. 2011) (internal quotation marks and citation omitted). Additionally, the Court "may refer to evidence outside the pleadings," *Makarova*, 201 F.3d at 113, and consider matters subject to judicial notice, *Ward v. City of New York*, 777 F. App'x 540, 542 (2d Cir. 2019) (summary order), *cert. denied*, 140 S. Ct. 849 (2020).

**Discussion**

The Commissioner argues that the Court lacks subject matter jurisdiction over Cavanaugh's claims based on the probate exception to federal jurisdiction and the abstention doctrine established in *Younger v. Harris*, 401 U.S. 37 (1971). The Commissioner further argues that the action should be dismissed for failure to state a claim. Because the Court finds that the *Younger* abstention doctrine requires that the Court abstain from exercising jurisdiction over this matter, the Court need not address the applicability of the probate exception to federal jurisdiction or whether Cavanaugh failed to state a claim.

As a preliminary matter, the Court takes judicial notice of the probate proceeding pending in the Connecticut State Probate Court for the District of Saybrook, *In re DiBirma P. Burnham*, No. PD3318-1288 (Saybrook Probate Ct.), regarding the estate of Cavanaugh's grandmother, DiBirma P. Burnham. *See Liberty Mut. Ins. Co. v. Rotches Pork Packers, Inc.*, 969 F.2d 1384, 1388 (2d Cir. 1992) (The Court "may take judicial notice of [documents] filed in another court 'not for the truth of the matters asserted in the other litigation, but rather to establish the fact of such litigation and related filings.'" (citing *Kramer v. Time Warner Inc.*, 937 F.2d 767, 774 (2d Cir. 1991))).

Although "federal courts are obliged to decide cases within the scope of federal jurisdiction," the Supreme Court has recognized "certain instances in which the prospect of undue interference with state proceedings counsels against federal relief." *Sprint Commc'ns, Inc. v. Jacobs*, 571 U.S. 69, 72 (2013). "In *Younger*, the Supreme Court held that federal courts are not to enjoin ongoing state court criminal proceedings except in specific, narrow circumstances. 401 U.S. at 56 (abstention is inappropriate when great and immediate irreparable harm may result, a state court is engaging in flagrantly unconstitutional acts, or statutes are being enforced in bad faith); *see Williams v. Lambert*, 46 F.3d 1275, 1282 (2d Cir. 1995) (*Younger* abstention applies 'in the absence of bad faith, fraud or irreparable harm')." *Hansel v. Town Court for Town of Springfield, N.Y.*, 56 F.3d 391, 393 (2d Cir. 1995). "The Supreme Court reasoned that such abstention was required by 'Our Federalism' which respects the comity between federal and state courts." *Id*. (citing *Younger*, 401 U.S. at 44–45). Accordingly, "*Younger* abstention is appropriate when: 1) there is an ongoing state proceeding; 2) an important state interest is implicated; and 3) the plaintiff has an avenue open for review of constitutional claims in the state court." *Id.*

Later, in *Sprint Communications*, the Supreme Court clarified that under the *Younger* abstention doctrine, "district courts should abstain from exercising jurisdiction only in three exceptional circumstances involving (1) ongoing state criminal prosecutions, (2) certain civil enforcement proceedings, and (3) civil proceedings involving certain orders uniquely in furtherance of the state courts' ability to perform their judicial functions." *Falco v. Justices of the Matrimonial Parts of Supreme Court of Suffolk Cty.*, 805 F.3d 425, 427 (2d Cir. 2015) (internal quotation marks omitted). In *Falco*, the Second Circuit affirmed the district court's abstention finding that the case fell within the third "exceptional circumstance" for *Younger* abstention where plaintiff challenged a state court order requiring him to pay for the attorney appointed by the court

to represent his child in ongoing divorce proceedings. *Id*. at 427–28. The Second Circuit recognized that "orders relating to the selection and compensation of court-appointed counsel for children are integral to the State court's ability to perform its judicial function in divorce and custody proceedings." *Id*. at 428. The court reasoned that by challenging the order, plaintiff sought to interfere with a state civil proceeding involving an order uniquely in furtherance of the court's ability to perform its judicial function. *Id*.

Similarly, here, Cavanaugh's action implicates the third "exceptional circumstance" requiring *Younger* abstention. As discussed above, the Probate Court determined that Cavanaugh's interest in Burnham's estate is subject to the Commissioner's statutory lien, (ECF No. 15-1 at 10), a determination that can be challenged by appeal to the superior court. And there can be little question that determining the validity of such claims is integral to the Probate Court's ability to perform its judicial function of overseeing the administration of the estate. *See Harper v. Pub. Serv. Comm'n of W.VA.*, 396 F.3d 348, 352–53 (4th Cir. 2005) ("Further, the law of probate, trusts, and estates—allocating the personal property of citizens—remains an important interest of the states for *Younger* purposes."). Indeed, upon finding that Cavanaugh's inheritance is subject to the Commissioner's lien, the Probate Court ordered the fiduciary to file a Financial Report/Final Account within thirty days of the order. (ECF No. 15-1 at 10). Even though Cavanaugh argues that he is merely seeking an injunction to prevent the Commissioner from pursuing the lien, this argument is unpersuasive. First, in seeking this relief, Cavanaugh again challenges the validity of the lien. And insofar as the Probate Court has already determined that Cavanaugh's inheritance is subject to the Commissioner's lien, the injunctive relief sought is, in effect, a nullification of the Probate Court's determination. Accordingly, it is manifest that Cavanaugh is asking the Court to interfere with "State civil proceedings involving orders uniquely in furtherance of the state courts'

ability to perform their judicial functions." *Falco*, 805 F.3d at 428 (internal quotation marks omitted); *see also Jones v. Law*, No. 2:17CV109-WKW-TFM, 2017 WL 2347683, at *2 (M.D. Ala. May 1, 2017), *report and recommendation adopted*, No. 2:17-CV-109-WKW, 2017 WL 2346841 (M.D. Ala. May 30, 2017) (finding, in part, that *Younger* barred plaintiff's claim for injunctive relief related to ongoing probate proceedings); *Fairley v. PM Mgmt.-San Antonio Al LLC*, No. SA-17-CA-00426-JWP, 2017 WL 6403056, at *5 (W.D. Tex. Aug. 27, 2017), *aff'd sub nom. Fairley v. PM Mgmt.-San Antonio AL, L.L.C.*, 724 F. App'x 343 (5th Cir. 2018) (finding *Younger* abstention appropriate where plaintiff sought modification of a probate court's orders regarding guardianship); *Wollnick v. Benson*, No. 14-CV-00731-BNB, 2014 WL 11269941, at *2 (D. Colo. Apr. 18, 2014), *aff'd*, 589 F. App'x 404 (10th Cir. 2014) (finding, in part, that *Younger* barred plaintiff's claim seeking an order reversing a judgment entered in state court probate proceedings); *Gopher v. Cascade Cty.*, No. CV 13-214-M-DWM-JCL, 2013 WL 5701672, *2–*4 (D. Mont. Oct. 18, 2013) (finding, in part, that plaintiff's claims were barred by *Younger* where plaintiff sought return of her family's property that was subject to a probate action). *Younger* abstention is required and the motion to dismiss is granted on this basis.

**Conclusion**

For the foregoing reasons, the Court GRANTS the Commissioner's motion to dismiss. The case is dismissed and the Clerk of the Court is directed to close this file.

**SO ORDERED** at Bridgeport, Connecticut, this 1st day of March 2021.

          */s/ Kari A. Dooley*
          KARI A. DOOLEY
          UNITED STATES DISTRICT JUDGE